# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-1218 |
| | § | |
| JOE ANTHONY ALANIZ, Individually, and d/b/a Press Box d/b/a The Press Box Bar & Grill | § § § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

J&J Sports Productions, Inc. ("J&J Sports") sued Joe Anthony Alaniz under the Federal Communications Act of 1934 (the "Communications Act"), alleging that Alaniz intercepted closed-circuit broadcasts by exhibiting the May 1, 2010 Floyd Mayweather, Jr. v. Shane Mosley, Welterweight Championship Fight Program Event at his bar, The Press Box Bar & Grill, without paying the licensing fee.

At the initial conference before the court on February 21, 2014, the parties stated that an amicable settlement had been reached. The court issued an order dismissing the case, without prejudice, providing for reinstatement if the parties did not conclude their settlement within 60 days. (Docket Entry No. 17). On April 22, 2014, J&J Sports informed the court that the parties had not succeeded in settling, and the case was reinstated. (Docket Entry Nos. 19, 20).

J&J Sports moved for summary judgment (Docket Entry No. 23). Alaniz did not reply. Instead, he moved to dismiss the case. (Docket Entry No. 25). Alaniz argues that J&J Sports is "repeating a new account with an ongoing case," and contends that there is "another suit pending

in this State between the same parties involving the same claim," Civil Action No. 4:14-cv-1150 in the Southern District of Texas. (*Id.* at 2). The pending action between J&J Sports and Alaniz filed under Civil Action No. 4:14-cv-1150 involves an alleged interception and retransmission of a different broadcast, the May 7, 2011 Pacquiao v. Mosley fight. (*See* 4:14-cv-1150, Docket Entry No. 1). The case does not involve the same facts or claims as the present suit. The existence of a second similar lawsuit is not a basis to dismiss the case filed in this court.

Alaniz also argues that the present case should be dismissed because J&J Sports's expert report did not comply with § 74.351(r)(6) of the Texas Civil Practice and Remedies Code. This section addresses the requirements of expert reports in health-care liability cases filed in state court. (*Id.*). It does not apply to this case, which was filed in federal court under the Communications Act. Neither party has filed an expert report.

The motion to dismiss is denied. By **December 5, 2014**, Alaniz must file a response to J&J Sports's motion for summary judgment.

SIGNED on November 19, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge